1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SARAH ABOLO MBOH,                      No. 1:26-cv-01046-DC-CSK (HC)

12                  Petitioner,

13         v.                                ORDER GRANTING PETITIONER'S
                                             MOTION FOR TEMPORARY
14    TIMOTHY S. ROBBINS, et al.,            RESTRAINING ORDER AND PETITION
                                             FOR WRIT OF HABEAS CORPUS
15                  Respondents.
                                             (Doc. Nos. 1, 2)
16

17          This matter is before the court on Petitioner's motion for a temporary restraining order

18    (Doc. No. 2), filed in conjunction with her petition for a writ of habeas corpus brought under 28

19    U.S.C. § 2241, challenging her ongoing immigration detention. (Doc. No. 1.)

20          This court has previously addressed the legal issues raised by Count One of the petition

21    (Doc. No. 1 at 9–11). Specifically, this court has found that the Due Process Clause requires that,

22    in order for the government to re-detain a noncitizen who has been previously released on bond or

23    conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5),

24    the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the

25    noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-

26    DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining

27    order and immediate release of the petitioner based on his likelihood of success on the merits of

28    his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802

                                              1

1    (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511

2    (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D.

3    Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the

4    petitioner's due process claim).

5            On February 6, 2026, the court issued an order informing the parties that it was

6    considering ruling directly on the petition and asking both parties whether they oppose

7    simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc.

8    No. 7.) The court also directed Respondents to address whether there are any factual or legal

9    issues in this case that materially distinguish it from this court's prior orders in *Selis Tinoco*,

10   *Labrador-Prato*, and *D.L.C.* (*Id.*)

11          On February 10, 2026, Respondents filed their opposition to Petitioner's motion for

12   temporary restraining order in which they oppose Petitioner's motion on the same grounds as

13   those addressed by the court in the aforementioned cases, but acknowledge that this case is not

14   materially distinguishable from those cases. (Doc. No. 8 at 1–2.) Respondents further indicate that

15   they are amenable to the court ruling directly on the petition. (*Id.*) On that same day, Petitioner

16   filed her reply indicating that she likewise does not oppose the court ruling directly on the

17   petition. (Doc. No. 9 at 1 n.1.)

18          Because Respondents have not made any new legal arguments and have not identified any

19   factual or legal issues in this case that would distinguish it from the court's aforementioned prior

20   decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 2)

21   and petition for writ of habeas corpus (Doc. No. 1) as to Count One for the reasons set forth in

22   the court's order in *Altin*.[1] Further, as the court found in *Altin*, the proper remedy for

23   _____

24   [1]  Because the court is granting the petition on the due process claim (Count One), the court need
     not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-

25   KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to
     the second count of the petition and not addressing other counts because the petitioner was

26   entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v.
     Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025)

27   (granting habeas petition based on due process claim and "declin[ing] to address the remaining
     grounds in the Petition for seeking release"). Indeed, Petitioner is entitled to the habeas relief she

28   seeks based on the court's ruling as to Count One.

Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's immediate release. *Id.* at 12–13.

Accordingly,

1.  Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:

    a.  Petitioner Sarah Abolo Mboh shall be released immediately from Respondents' custody with the same conditions she was subject to immediately prior to her detention on January 13, 2026. Respondents shall not impose any additional restriction on her, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

    b.  If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

2.  The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:  **February 10, 2026**

Dena Coggins
United States District Judge

3